UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| TIFFANY BRIERE, individually, and TIFFANY BRIERE, as parent and guardian of M.P., a minor<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and FIRST STUDENT, INC.,<br><br>Defendants. | C.A. No. 1:20-CV-0460-MSM-LDA |

# O R D E R

Mary S. McElroy, United States District Judge.

In this insurance coverage dispute, the Court previously entered summary judgment on the plaintiffs, Tiffany Briere and M.P.'s, claim of breach of contract (Count I of the Complaint) and their request for a declaratory judgment (Count III). (ECF No. 94.) Prior to the filing of the parties' cross-motions for summary judgment, the Court had severed and stayed Count II, a claim for insurer bad faith. The motions for summary judgment were not directed at the bad-faith claim, nor was the resulting Order, and thus it remains a live claim. Accordingly, because the summary judgment Order did not resolve all claims, it is interlocutory and non-appealable. The plaintiffs therefore move for entry of separate and final judgment on Counts I and III pursuant to Fed. R. Civ. P. 54(b). (ECF No. 95.)

Rule 54(b) provides that "the court may direct entry of a final judgment as to

1

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose is "to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54(b) advisory committee notes. A risk of a Rule 54(b) certification, however, is the possibility of piecemeal appeals. The First Circuit has "long discouraged "piecemeal appellate review[,] … warn[ing] time and again[ ] that Rule 54(b) should be used sparingly." *Perea v. Ed. Cultural, Inc.*, 13 F.4th 43, 51 (1st Cir. 2021) (quoting *Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996)) (alterations in original).

The defendant, National Union First Insurance Company of Pittsburgh, PA ("National Union"), opposes the entry of a Rule 54(b) judgment and has countered with a motion for summary judgment on Count II.[1] (ECF No. 96.) Because summary judgment issued on the breach of contract claim, National Union argues, the bad-faith claim must fall with it. The plaintiffs do not substantively oppose this argument. (ECF No. 99.) The Court finds it to be a correct recitation of the law under the undisputed facts of this case. *See, e.g., Atmed Treatment Ctr., Inc. v. Travelers Indem. Co.*, 285 A.3d 352, 366 (R.I. 2022) ("[N]o action in bad faith can lie unless and until an insured has proven a breach of the insurance contract.") (quoting *Skaling v.*

---

[1] Although National Union had made a passing reference to the bad-faith claim of Count II in its summary judgment papers directed at Counts I and III, this Court held in the summary judgment Order that because the bad-faith claim was severed and stayed it would be "best to require National Union to move directly on dismissal of Count II and to allow the plaintiffs to respond, should they choose." (ECF No. 94 at 19.)

*Aetna Ins. Co.*, 799 A.2d 997, 1004 (R.I. 2002)); *Zarrella v. Minn. Mut. Life Ins. Co.*, 824 A.2d 1249, 1261 (R.I. 2003) ("Under Rhode Island law, . . . a plaintiff must first show that he or she is entitled to recover on a contract before he or she can prove that the insurer dealt with him or her in bad faith."); *Geovera Specialty Ins. Co. v. Poulton*, No. 16-432, 2017 WL 4279649, at *20 (D.R.I. Sept. 26, 2017) ("It has long been held in this state that a bad faith action does not exist until the plaintiff establishes a breach of contract."); *Emsbo v. Fireman's Fund Ins. Co.*, 950 F. Supp. 2d 369, 374 (D.R.I. 2013) ("Because the Court holds that [the insurer] acted properly in denying the [insured's] claim for insurance coverage, the [insured] will be unable, as a matter of law, to establish that [the insurer] acted in bad faith.").

Because under the case's current posture the bad-faith claim warrants dismissal, the appropriate resolution is to grant National Union's Motion for Summary Judgment on Count II, resulting in the entry of final judgment on all claims and rendering the question of the propriety of a partial judgment under Rule 54(b) moot.

For the foregoing reasons, National Union's Motion for Summary Judgment on Count II of the plaintiffs' Complaint (ECF No. 96) is GRANTED and the plaintiff's Motion for Entry of Rule 54(b) Final Judgment on Counts I and III (ECF No. 95) is DENIED AS MOOT.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

August 9, 2023